# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DENNIS PATRICK MURPHY,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C16-1007-LRR<br>No. CR97-1002-LRR<br><br>ORDER |

This matter appears before the court on the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1), filed on March 18, 2016, and motion to hold action in abeyance (civil docket no. 2), filed on May 27, 2016.

The court considered the record and the law, which includes but is not limited to the following: *Beckles v. United States*, ___, U.S. ___, ___ S. Ct. ___, 2017 WL 855781, at *6 (Mar. 6, 2017) (concluding that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause and holding that "[t]he residual clause in [§4B1.2(a)(2)] therefore is not void for vagueness"); *United States v. Frady*, 456 U.S. 152, 165 (1982) (stating that "a collateral challenge may not do service for an appeal"); *United States v. Brown*, No. 16-7056, 2017 U.S. Dist. LEXIS 132848, 2017 WL 3585073, at *3 (4th Cir. Aug. 21, 2017) (concluding that first § 2255 motion that sought to apply *Johnson* to the pre-*Booker* guidelines was outside the statute of limitation); *Raybon v. United States*, No. 16-2522, 2017 U.S. App. LEXIS 15029, 2017 WL 3470389, at *2-3 (6th Cir. Aug. 14, 2017) (concluding that movant could not rely on statute of limitation as set forth in 28 U.S.C. § 2255(f)(3) because *Johnson* did not recognize a new "Constitutional right not to be sentenced as a

career offender under the residual clause of the mandatory Sentencing Guidelines"); *United States v. Benedict*, 855 F.3d 880, 888-89 (8th Cir. 2017) (holding that prior convictions qualified under the residual clause of USSG §4B1.2(a)(2) (2014)); In re *Sams*, 830 F.3d 1234, 1240 (11th Cir. 2016) (reiterating that mandatory sentencing guidelines are not subject to vagueness challenges and "*Welch* did not make *Johnson* retroactive for purposes of a successive § 2255 motion based on the Guidelines"); In re *Sapp*, 827 F.3d 1334, 1336 (11th Cir. 2016) (holding that the criteria for filing a successive § 2255 motion had not been met because *Welch* does not make *Johnson* retroactive for purposes of challenging the sentencing guidelines and mandatory sentencing guidelines cannot be unconstitutionally vague); *Donnell v. United States*, 826 F.3d 1014, 1017 (8th Cir. 2016) (refusing to create "a second rule that would apply *Johnson* and the constitutional vagueness doctrine to a provision of the advisory sentencing guidelines"); In re *Griffin*, 823 F.3d 1350, 1354-55 (11th Cir. 2016) (explaining that sentencing guidelines, whether mandatory or advisory, only limit a judge's discretion and do not violate a defendant's right to due process by reason of being vague); *Richardson v. United States*, 623 F. App'x 841, 842-43 (8th Cir. 2015) (denying authorization to file a successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 with respect to movant's challenge to his sentencing guidelines calculations because any extension of the rule in *Johnson* is not a new substantive rule under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989)); *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (concluding that advisory sentencing guidelines, such as USSG §4B1.2(a)(2), cannot be unconstitutionally vague); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (explaining that, although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979))); *Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (holding that "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit

movants in collateral proceedings"); *United States v. Wivell*, 893 F.2d 156, 159-60 (8th Cir. 1990) (holding that Guidelines provisions are "not susceptible to" constitutional vagueness challenges). Having done so, the court concludes that, despite being sentenced pre-*Booker*, the movant's motion is time-barred because it does not assert a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Therefore, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1) and motion to hold action in abeyance (civil docket no. 2) are denied. As for a certificate of appealability, the movant has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability under 28 U.S.C. § 2253 will not issue.

**IT IS SO ORDERED**.

**DATED** this 29th day of September, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA